IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                        Criminal No. 13-197
                        ELECTRONICALLY FILED

v.

PAULA JACKSON,

    Defendant.

**MEMORANDUM ORDER DENYING MOTION TO CORRECT CLERICAL ERROR**

On July 16, 2013, Defendant Paula Jackson ("Defendant") was charged in a two-count Indictment with Health Care Fraud in violation of 18 U.S.C. § 1347, and Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone and Oxymorphone in violation of 21 U.S.C. § 846. Doc. No. 1. On May 15, 2014, Defendant was sentenced by the Honorable Maurice B. Cohill to a term of 96 months of imprisonment at Count 1, and a term of 96 months of imprisonment at Count 2. Doc. No. 41.

Judge Cohill ordered Defendant to serve these terms of imprisonment "concurrent with each other, and concurrent to any state court term of imprisonment she is currently serving." *Id.* As Defendant alleges in her motion, she had been incarcerated in state custody since at least April 1, 2013, prior to her federal indictment. Doc. No. 49. Defendant now seeks credit for all time served since April 1, 2013, and asks the Court to "correct judgment of sentence" to "reflect accurate jail credit and projected release date based on the true date of custody being April 1, 2013. *Id.*

The Court notes that Judge Cohill's clerk mailed a letter to Defendant, copying the

Assistant United States Attorney and Defense Counsel, after a similar request from Defendant to "correct" her sentence to reflect that it was to run concurrent from the beginning of her state sentence. Letter to Defendant dated 5/6/2016. The letter explained that it was the Court's intention in rendering sentence that Defendant's federal sentence would begin on the date of the Judgment, and not on an earlier date. *Id.*

However, the Bureau of Prisons has the exclusive responsibility for calculating federal terms of imprisonment. *See United States v. Wilson*, 503 U.S. 329 (1992). If a prisoner wishes to challenge the calculation of a prison sentence, she must file a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court which has personal jurisdiction over her immediate custodian. In this case, the prison warden at Federal Prison Camp Alderson is located in the Southern District of West Virginia.

However, prior to seeking judicial relief, inmates are required to exhaust the process provided by the Administrative Remedy Program of the Bureau of Prisons. Attached for the information of Defendant is a copy of the Administrative Remedy Program.

For the reasons set forth, Defendant's Motion is DENIED.

SO ORDERED, this 3rd day of January, 2018,

s/ Arthur J. Schwab
Arthur J. Schwab
United States Senior District Judge